IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00103-MR

ANTORIO RICE SMARR,     )
                        )
            Petitioner, )
                        )
vs.                     )   **MEMORANDUM OF**
                        )   **DECISION AND ORDER**
                        )
ERIK A. HOOKS, Secretary of )
Department of Public Safety, )
                        )
            Respondent. )
_____)

**THIS MATTER** is before the Court on the Petitioner's "Motion for Intervention, Answer of Counterclaim, Show Cause" [Doc. 4].

Antonio Rice Smarr (the "Petitioner") is a prisoner of the State of North Carolina. On February 2, 2000, the Petitioner was found guilty in Gaston County Superior Court of one count of second-degree murder; three counts of attempted robbery with a dangerous weapon; one count of aiding and abetting assault with a deadly weapon inflicting serious injury; and one count of conspiracy to commit robbery with a dangerous weapon. State v. Smarr, 146 N.C. App. 44, 46, 551 S.E.2d 881, 883 (2001).

The Petitioner's conviction became final on or about June 4, 2002. [Doc. 2 at 5]. The statute of limitations for the present claim then ran for 365 days until it expired on or about June 4, 2003.

On March 4, 2019, the Petitioner filed a § 2254 Petition for Writ of Habeas Corpus in this Court. [Doc. 1]. On October 5, 2020, the Court entered an Order explaining that the Petitioner's § 2254 Petition appeared to be untimely under § 2244(d)(1)(A) because it was not filed within one year of the date on which his judgment became final. [Doc. 2 at 4-5]. The Order directed the Petitioner to file a response showing how statutory or equitable tolling could apply to this case. [Id. at 5-6].

On December 3, 2020, the Petitioner filed the present "Motion for Intervention, Answer of Counterclaim, Show Cause" [Doc. 4]. The Petitioner does not address the statute of limitations issue, instead arguing that the trial court failed to give him a proper hearing before allowing him to proceed *pro se*. [Id. at 2-4].

Even if the trial court failed to properly examine the Petitioner regarding his decision to proceed *pro se*, that does not constitute grounds for tolling the statute of limitations for bringing a § 2254 petition in federal court. See 28 U.S.C. § 2244(d)(1). Despite receiving an opportunity to show why statutory or equitable tolling should apply, the Petitioner has failed to do so.

2

Therefore, the Court concludes that neither statutory nor equitable tolling applies here. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Accordingly, the Petitioner's § 2254 Petition will be dismissed as untimely under § 2244(d)(1). Because the Petitioner's habeas petition will be dismissed, the Petitioner's "Motion for Intervention, Answer of Counterclaim, Show Cause" [Doc. 4] will be denied as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is hereby **DISMISSED** as untimely under § 2244(d)(1)(A).

**IT IS FURTHER ORDERED** that the Petitioner's "Motion for Intervention, Answer of Counterclaim, Show Cause" [Doc. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: January 19, 2021

Martin Reidinger
Chief United States District Judge

4

Case 3:19-cv-00103-MR   Document 5   Filed 01/19/21   Page 4 of 4