# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00103-MR

| | |
|---|---|
| ANTORIO RICE SMARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary of ) | |
| Department of Public Safety, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed, filed on February 5, 2021 [Doc. 7], which this Court treats as a Motion for Reconsideration.

**I.  PROCEDURAL BACKGROUND**

Antorio Rice Smarr (the "Petitioner") is a prisoner of the State of North Carolina.  The Petitioner was found guilty on February 2, 2000 in Gaston County Superior Court of one count of second-degree murder; three counts of attempted robbery with a dangerous weapon; one count of aiding and abetting assault with a deadly weapon inflicting serious injury; and one count of conspiracy to commit robbery with a dangerous weapon.  State v. Smarr, 146 N.C. App. 44, 46, 551 S.E.2d 881, 883 (2001).

The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus in this Court on March 4, 2019. [Doc. 1]. On October 5, 2020, this Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely pursuant to § 2244(d)(1)(A). [Doc. 2]. This Court concluded that the Petitioner's conviction became final on or about June 4, 2002. [Doc. 2, p. 5]. The Petitioner did not file his first Motion for Appropriate Relief in the Gaston County Superior Court until March 3, 2010 and did not file his Petition for Writ of Habeas Corpus in this Court until March 4, 2019. Id. As such, the petition was time-barred under § 2244(d)(1)(A). Id.

On December 3, 2020, the Petitioner filed a "Motion for Intervention, Answer of Counterclaim, Show Cause." [Doc. 4]. However, the Petitioner failed to address the statute of limitations issue, arguing instead that the trial court failed to give him a proper hearing before allowing him to proceed *pro se.* [Doc. 4, p. 2-4]. As a result, this Court entered an Order on January 19, 2021 finding that no statutory or equitable tolling applied and dismissing the § 2254 Petition for Writ of Habeas Corpus as untimely. [Doc. 5].

The Petitioner now seeks reconsideration of the Court's dismissal order on grounds of newly discovered evidence and requests this Court find his Petition for Writ of Habeas Corpus to have been timely filed. [Doc. 7].

## II. STANDARD OF REVIEW

Motions for Reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60. The Petitioner does not specify under what Rule he seeks relief. Therefore, Court will consider the applicability of both rules.

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant must demonstrate "that his motion is timely, that he has a meritorious defense to the action, and that the opposing

3

party would not be unfairly prejudiced by having the judgment set aside." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). Motions seeking relief on grounds of newly discovered evidence must be filed within one of the judgment. Fed. R. Civ. P. 60(c).

## III. DISCUSSION

Neither Rule 59(e) nor Rule 60(b) affords the Petitioner with the relief he seeks in his motion. The Petitioner requests this Court apply equitable tolling on grounds that he is in possession of newly discovered evidence in the form of "at least two (2) letters from co-defendant Christopher Lipscomb" stating that the Petitioner should not be in prison for things that Lipscomb did or committed. [Doc. 7, p. 2]. The Petitioner attaches one letter dated October 30, 2017 purporting to be from Lipscomb to the Petitioner's mother, expressing a willingness to help the Petitioner. [Doc. 7-2, p. 2]. The Petitioner states that while he is not permitted to contact Lipscomb, a fellow

4

prisoner, he would obtain a notarized affidavit from Lipscomb recanting his prior statements if he were able to do so. [Doc. 7, p. 3-4].

The Petitioner's motion fails to demonstrate any entitlement to relief under Rule 59 or Rule 60 based on newly discovered evidence. Under § 2244(d)(1)(D), a claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovery through the exercise of due diligence." Thus, "by its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could have*... discovered' it." Sawyer v. Kiser, No. 1:16-cv-00040 (GBL/TCB), 2017 WL 631574, at *4 (E.D. Va. Feb. 15, 2017)(emphasis original).

The Petitioner does not explain how the attached purported letter dated October 2017 or any other correspondence from co-defendant Lipscomb constitutes "newly discovered evidence." The attachments to the Petitioner's motion reveal that the Petitioner was in the possession of purported letters from co-defendant Lipscomb seeking to take responsibility for the Petitioner's conviction as far back as 2004. These letters were addressed in the Petitioner's state court Motion for Appropriate Relief proceedings and determined not to be "newly discovered evidence." [Doc. 7-2, p. 4].

The Petitioner fails to show any "newly discovered evidence" that was previously unavailable to him and fails to explain how he could not have discovered this information with due diligence prior to filing his § 2254 petition in March 2019. The Petitioner fails to set forth sufficient grounds to support this Court granting reconsideration of its prior dismissal order under Rule 59 or Rule 60.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed [Doc. 7] which this Court treats as a Motion for Reconsideration is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 1, 2021

Martin Reidinger
Chief United States District Judge